. UTICA TRUST & DEPOSIT CO v. CHARLES C. KELLOG & SONS' CO.

(Supreme Court, Appellate Division, Fourth Department.  May 6, 1908.)

CORPORATIONS—PREFERRED STOCK—RIGHTS OF HOLDERS.

    A corporation organized under the business corporations law, classified
in June, 1901, its stock as common and preferred, and provided that the
preferred stock should bear 6 per cent. "interest, payable semiannually,
cumulative."  On October 1, 1906, it issued new preferred stock with the
same provision as to interest as the old.  *Held,* that the new preferred
stock was entitled to the same rate of interest as the old, and the corpora-
tion, while declaring a dividend in January, 1907, of 3 per cent. on the
old stock, properly declared a dividend of 1½ per cent. on the new stock.

    Submission of a controversy on facts admitted under Code Civ.
Proc. § 1279, etc., by the Utica Trust & Deposit Company against the
Charles C. Kellog & Sons' Company.  Judgment ordered for defend-
ant.

    Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

    Miller & Fincke, for plaintiff.
    Kernan & Kernan, for defendant.

    WILLIAMS, J.  Judgment should be ordered for the defendant.
The controversy relates to the amount of dividends to which the
plaintiff was entitled upon preferred stock held by it in the defend-
ant corporation.  The parties are both domestic; the plaintiff hav-
ing been organized under the banking law, and the defendant under
the business corporations law.  The defendant's stock June 18, 1901,
was duly classified as common and preferred.  The latter was to bear
6 per cent. interest, payable semiannually, cumulative.  October 1,
1906, the defendant duly issued a lot of new preferred stock with the
same provision as to interest, etc., as the old preferred.  Under an
agreement with defendant, plaintiff took a quantity of this new stock,
receiving it about the date of its issue.  January 11, 1907, the de-
fendant declared a dividend of 3 per cent. on all the outstanding pre-
ferred stock issued prior to July 1, 1906, but of 1½ per cent. only on
that issued October 1, 1906.  Plaintiff then held $37,600 of the pre-
ferred stock, and claims it was entitled to 3 per cent. thereon.  It
received the 1½ per cent. under protest, and seeks now to recover
the additional 1½ per cent., amounting to $564, and interest from the
15th of January, 1907, when the dividend was payable.  This state-
ment contains in brief the facts necessary to be considered in deter-
mining the controversy.

    Defendants' claim is that it was permitted to pay interest by way of
dividend upon the stock only from the date of its issue; while plain-
tiff claims the date of the issue of the stock was immaterial, holding
the stock, when the dividend was declared, it was entitled to share
therein with the other stock of the same kind whenever issued.  The
parties agree that a corporation may make such an agreement with
its stockholders as they please with reference to the rights and
privileges of preferred stockholders, and that in this case a specific
agreement was so made, but they disagree as to what that agree-

ment was. The parties agree that the new preferred stock was to have the same rights, etc., as the old. The plaintiff says this would entitle it to the same per cent. of dividend in January, 1907. The defendant says it would entitle it, not to the same per cent. of dividend, but to the same rate of interest, and the old was thus entitled to six months' interest, the new to only three months'. To give the new stock 3 per cent. dividend would be to pay them 12 per cent. interest, instead of 6 per cent. paid on the old stock. Thus we have the contentions of the parties clearly stated. There can be no doubt of the right to make the agreement, whether its construction be upon plaintiff's or defendant's theory. Roberts v. Roberts-Wicks Co., 184 N. Y. 257, 77 N. E. 13, 3 L. R. A. (N. S.) 1034, 112 Am. St. Rep. 607, and cases therein referred to.

In stating the privileges to which the preferred stock was entitled, the word "dividend" is not used. The language is, "to bear interest at the rate of 6 per cent. per annum, payable semiannually, cumulative." From this language it would seem quite clear that the dividends when declared would be only of interest earned, and, in order to be made equal with the old stock, it should in January, 1907, have been paid interest only from October 1, and not from July 1, 1906. It is difficult to make any extended suggestions upon this subject. It is a question what the parties intended by their contract. They could make it the one way or the other. There was no legal objection to their doing so.

I am of the opinion defendant's construction of the agreement is the proper one.

Judgment ordered for the defendant upon the submission, without costs. All concur.